UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD TURNPAUGH,

              Plaintiff,              No. 08-CV- 12842-DT

vs.                                        Hon. Gerald E. Rosen

KENNETH A. MACIEJEWSKI,

              Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 21, 2009

        PRESENT:  Honorable Gerald E. Rosen
                           Chief Judge, United States District Court

This matter is presently before the Court on Plaintiff's Motion for Reconsideration of the Court's Order construing his complaint as a second or successive habeas corpus petition and, accordingly, transferring his case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). Plaintiff Turnpaugh's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Furthermore, Turnpaugh has not shown a "palpable defect" by which the Court has been misled.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

            s/Gerald E. Rosen
            Chief Judge, United States District Court

Dated: January 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 21, 2009, by electronic and/or ordinary mail.

            s/LaShawn R. Saulsberry
            Case Manager