# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DONALD TURNPAUGH,

      Plaintiff,               Civil No. 2:08-12842
                                    HONORABLE GERALD E. ROSEN
v.                             CHIEF UNITED STATES DISTRICT JUDGE

KENNETH A. MACIEJEWSKI, et. al.,

      Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Background

This case is on remand from the United States Court of Appeals for the Sixth Circuit.  Plaintiff is a state prisoner who is currently confined at the Mound Road Correctional Facility in Detroit, Michigan.  Plaintiff filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  On July 14, 2008, this Court construed the complaint as a successive habeas petition and transferred the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.  The Court subsequently denied plaintiff's motion for reconsideration. *See Turnpaugh v. Maciejewski,* No. 2009 WL 152130 (E.D. Mich. January 21, 2009).

On January 21, 2009, the Sixth Circuit determined that this Court should have construed plaintiff's complaint as a § 1983 complaint rather than as a successive habeas petition and remanded the matter back to this Court for further proceedings. *See In Re Turnpaugh,* U.S.C.A. No. 08-1928 (6th Cir. January 21, 2009).  Plaintiff has

1

also now filed a motion for service upon the defendants.

For the reasons that follow, the Court will dismiss plaintiff's civil rights complaint

because plaintiff has failed to state a claim upon which relief can be granted.

## II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 §

U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However,

28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines
> that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32

(1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis

when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799

(E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff

must establish that: (1) the defendant acted under color of state law; and (2) the

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*,

156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If

a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must

fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

2

### III.  Complaint

Plaintiff was convicted in the Genesee County Circuit Court in 1977 of two counts of first-degree murder and was sentenced to life imprisonment.  As previously noted by this Court, plaintiff has filed five different habeas petitions challenging these convictions, which have all been denied on the merits or dismissed for being an abuse of the writ. See *Turnpaugh v. Foltz,* U.S.D.C. Nos. 83-CV-72575/83-73276 (E.D. Mich. May 22, 1985)(Suhrheinrich, J.); *aff'd* 811 F. 2d 608 (Table), 1986 WL 16141 (6th Cir. December 2, 1986); *cert. den.* 484 U.S. 838 (1987); *Turnpaugh v. Foltz*, U.S.D.C. No. 85-CV-75435 (E.D. Mich. August 18, 1986)(Taylor, J.); *aff'd* 856 F. 2d 196 (Table), 1988 WL 86844 (6th Cir. August 23, 1988); *cert. den.* 488 U.S. 996 (1988); *Turnpaugh v. Redman,* U.S.D.C. No. 88-73780-DT (E.D. Mich. June 29, 1990)(Taylor, J.); *aff'd* U.S.C.A. No. 90-1783 (6th Cir. 1990); *cert. den.* 499 U.S. 909 (1991); *Turnpaugh v. Johnson,* 780 F. Supp. 476 (E.D. Mich. 1992)(Zatkoff, J.); *app. dism.* U.S.C.A. No. 92-1122 (6th Cir. June 10, 1992); *cert. den.* 506 U.S. 876 (1992); *Turnpaugh v. LeCureaux,* U.S.D.C. No.  No. 2:94-CV-13 (W.D. Mich. October 3, 1995); *aff'd* 107 F. 3d 971 (Table); 1997 WL 49959 (6th Cir. February 6, 1997); *cert. den.* 520 U.S. 1256 (1997).

Moreover, the United States Court of Appeals for the Sixth Circuit denied plaintiff authorization to file a second or successive habeas petition on three separate occasions. *See In Re Turnpaugh,* U.S.C.A. No. 02-2355 (6th Cir. May 5, 2003); *In Re Turnpaugh,* U.S.C.A. No. 06-1035 (6th Cir. September 27, 2006); *In Re Turnpaugh,* U.S.C.A. No. 07-1447 (6th Cir. February 20, 2008).  As this Court noted in its opinion and order transferring the case to the Sixth Circuit, in all three of these applications, the Sixth Circuit denied plaintiff permission to file a successive petition based on his claim

3

that the state ballistics expert gave false testimony at his trial and that the prosecution

suppressed evidence that the testimony was false.

On July 3, 2008, plaintiff filed the instant civil rights action against the

defendants, in which he seeks monetary damages and declaratory and injunctive relief.

Plaintiff claims, for at least the fourth time, that Kenneth A. Maciejewski, the

prosecution's forensic ballistics expert, provided false testimony at his trial and that the

prosecution suppressed evidence that this testimony was false.  Plaintiff further claims

that the other defendants, all librarians at the various prison law libraries where plaintiff

has been incarcerated, deprived plaintiff of his right of access to the courts by failing to

provide materials at the prison law libraries that would have helped him discover and

develop his claim regarding the allegedly false ballistics evidence and testimony in a

timely manner.

## IV.  Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from his criminal

conviction, he would be unable to obtain such damages absent a showing that his

criminal conviction had been overturned.  To recover monetary damages for an

allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that

the conviction or sentence was reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal, or called into question by the issuance of a federal

writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  If a judgment

in favor of the plaintiff "would necessarily imply the invalidity of his conviction or

sentence," the complaint must be dismissed unless the conviction or sentence has

4

already been invalidated. *Id* at 487.  A plaintiff may only proceed if "the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Id.*

A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998).  Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *See also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002).  An action which is

5

properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996).  When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996)(*quoting Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)).  A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004); *St. Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

In addition, declaratory relief is not available in federal court to attack a state criminal conviction and cannot be used as a substitute for an appeal or a petition for writ of habeas corpus. *Ruip v. Commonwealth of Kentucky*, 400 F. 2d 871, 872 (6th Cir. 1968); *See also Tenorio v. Murphy,* 866 F. Supp. 92, 98 (E.D.N.Y. 1994).  A petition for declaratory judgment should be dismissed where the preferred remedy available to the petitioner is filing a petition for writ of habeas corpus. *See Harris v. U.S. Bd. of Parole,* 429 F. Supp. 199, 200 (E.D. Okla. 1977).

Plaintiff's access to the courts claim is also subject to dismissal.  Plaintiff's claim that he was deprived of adequate legal materials in the law library would not necessarily call into question the validity of his conviction because such a finding would go only to the conditions of plaintiff's confinement.  However, to sustain a claim involving the denial of access to the library, plaintiff would be required to show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  If plaintiff's only injury is his allegedly wrongful conviction, his access to the library claim is prohibited by *Heck* because a

6

verdict in plaintiff's favor will indirectly imply that his criminal conviction is invalid. *See Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 658 (D.S.C. 2007); *Ray v. Hogg*, 2007 WL 2713902, * 6 (E.D. Mich. September 18, 2007).

Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800(E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)).  However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.  However, to fall within this latter exception, the evidence itself, and not merely its materiality, must be newly discovered. *See People v. Cress,* 468 Mich. 678, 692; 664 N.W. 2d 174 (2003).

The Michigan Court of Appeals in this case dismissed petitioner's post-conviction application pursuant to M.C.R. 6.502(G) not only because petitioner's proffered evidence could have been discovered earlier with reasonable diligence, but also because it was only the materiality of the bullet type and weapon manufacturer that was newly discovered, not the evidence itself. *People v. Turnpaugh,* No. 269652 (Mich.Ct.App. May 17, 2006).  Because the Michigan courts concluded that petitioner's proffered evidence did not come within the definition of the newly discovered evidence exception under M.C.R. 6.502(G), any denial of access to legal materials that would have assisted plaintiff with his post-conviction motion did not cause him any actual

7

injury, independent from his conviction. [1]

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

Because the Court is dismissing the complaint, the Court will deny plaintiff's

---

[1] This Court notes that petitioner's conviction has been reviewed by federal district court judges on five separate occasions, by eight separate Sixth Circuit panels, and has been presented to the United States Supreme Court for certiorari review on five separate occasions. Although this Court is bound by the Sixth Circuit's determination that the instant complaint should not have been construed as a successive habeas petition and transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b), this Court nonetheless believes that plaintiff's complaint is a veiled attempt to get a ninth bite of the apple at challenging his conviction, something that the enactment of § 2244(b) was supposed to prevent. See *e.g. Winburn v. Jackson,* No. 2008 WL 108888, * 3 (E.D. January 7, 2008)(Plaintiff's civil rights claim seeking relief from criminal conviction on the basis of newly discovered evidence of innocence the equivalent of a second or successive habeas petition). By permitting prisoners to circumvent the limitations on successive habeas petitions found in § 2244(b) and enabling them to file endless challenges to their state court convictions, "[T]he ball game never ends in our Court", as the late Chief Justice William H. Rehnquist once lamented about the Supreme Court's docket, albeit in a slightly different context. *See* David G. Savage, *Turning Right:The Making of the Rehnquist Supreme Court",* p. 16 (1992). Not only do these endless challenges unduly burden the federal courts, they cause undue delays in granting relief to those prisoners whose constitutional rights have been violated. They also cause the federal courts to take an extremely jaundiced view towards habeas petitions, post-conviction motions, and prisoner civil rights complaints in general, which again, can prejudice the occasional meritorious prisoner complaint. What Justice Robert H. Jackson stated in 1953 remains all the more true today: "[I]t must prejudice the occasional meritorious application to be buried in a flood of worthless ones. He who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search." *Brown v. Allen,* 344 U.S. 443, 537 (1953)(Jackson, J., concurring).

motion for service.

Finally, because plaintiff's complaint against these defendants lacked any arguable basis in the law, this Court certifies that any appeal by the plaintiff of the claims raised against these defendants would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)); *See also Goodell,* 157 F. Supp. 2d at 802.  Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon these defendants, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## V.  ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the "Motion for the United States Marshall's Office to Serve the Summons and Complaint on the Defendants that Plaintiff Sent to this Court" is **DENIED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

9

Dated:  February 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager