UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD TURNPAUGH,

    Plaintiff,                                    Civil No. 2:08-12842
                                              HONORABLE GERALD E. ROSEN
v.                                             CHIEF UNITED STATES DISTRICT JUDGE

KENNETH A. MACIEJEWSKI, et. al.,

    Defendants,
_____/

**OPINION AND ORDER DENYING THE MOTION TO AMEND JUDGMENT**

On February 18, 2009, this Court summarily dismissed plaintiff's civil rights complaint, on the ground that plaintiff had failed to state a claim upon which relief could be granted. *Turnpaugh v. Maciejewski,* No. 2009 WL 416355 (E.D. Mich. February 18, 2009). Petitioner has now filed a motion to amend judgment pursuant to Fed.R.Civ.P. 59(e). For the reasons stated below, the motion to amend judgment shall be **DENIED**

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow circumstances:

    1. to accomodate an intervening change in controlling law;
    2. to account for new evidence which was not available at trial; or;
    3. to correct a clear error of law or to prevent manifest injustice.

*Kenneth Henes Special Projects Procurement v. Continental Biomass Industries,*

*Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes,* 86 F. Supp. 2d at 726 (internal quotation omitted).

A motion to alter or amend judgment brought by a *pro se* prisoner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).  U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In his motion to amend judgment, plaintiff is merely presenting arguments that were already raised in his initial complaint and considered by the Court in ruling on the complaint.  Plaintiff is merely attempting to re-hash arguments that he previously raised in his initial civil rights complaint.  The Court will therefore deny the motion to amend

2

judgment, because plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the civil rights complaint. *Hence v. Smith,* 49 F. Supp. 2d at 553.

Based upon the foregoing, the motion to amend [Dkt. # 11] is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 6, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager